## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DH, A MINOR, BY AND THROUGH HIS PARENTS AND NATURAL GUARDIANS, COURTNY ROBERTS AND MATTHEW HARTZELL, | : : : : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : : | Jury Trial Demanded |
| SCRANTON SCHOOL DISTRICT, ERICA STOLAN, DANIEL GILROY, JOSEPH LALLI, and ANN GENETT | : : : : : | |
| Defendants | | |

## **COMPLAINT**

AND NOW, come the Plaintiffs, COURTNY ROBERTS and MATTHEW HARTZELL, as parents and natural guardians of DH (Student) by and through their attorneys, J. Joseph Grady, Esquire, and Todd J. O'Malley, Esquire, and files the following Complaint against SCRANTON SCHOOL DISTRICT (hereinafter referred to as "School District"); ERICA STOLAN ("Stolan"); DANIEL GILROY ("Gilroy"); JOSEPH LALLI ("Lalli"); and, ANN GENETT ("Genett") and in support thereof avers the following:

1

## INTRODUCTION

1.    This action is brought by a minor student, DH, who is eligible for special education services as a child with multiple disabilities with the Scranton School District (School District), by and through his parents, Courtny Roberts (Mother) and Matthew Hartzell (Father), referred to collectively as Plaintiffs.

2.    The School District as well as various other named defendants have violated Student's Civil Rights under Section 1983 and the 14th Amendment, and intentionally discriminated against Student, a handicapped person, and seeks damages under the Americans with Disabilities Act, 42U.S.C. Section 12111 (ADA) and Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C.A. Section 794, and Pennsylvania law.

3.    Student also brings related claims including common law claims for negligence, intentional infliction of emotional distress, vicarious liability, breach of fiduciary duty and assault and battery resulting from the unconscionable mistreatment by Defendants in, *inter alia*, being placed into and not allowed to leave a hostile learning environment in the School District, particularly the special education classroom of his special education teacher Stolan for two (2) years. Verbal and physical abuse, all cruel and abusive treatment well known to the Defendants, was allowed to

occur and did continue to occur for some two (2) years due to the deliberate indifference of Defendants.

4.     Indeed, the injuries and/or losses to Student could have been prevented by the exercise of reasonable diligence on the part of Defendants and were a highly predictable consequence of Defendants' failure to address a hostile special education teacher, Stolan, and a hostile educational environment, of which the Defendants had full knowledge. In fact, Stolan, on many occasions identified to Mother that she was not qualified/not equipped for the position into which she was placed in the School District. Stolan also identified many times to Mother that *"I did not go to school to be a behavior teacher."*  Mother's repeated requests to Defendants to remove her son from that classroom and that hostile environment were all ignored. Defendant, Joseph Lalli (Lalli), Vice Principal of South Scranton Intermediate School where Student attended, on one occasion when summoned to Stolan's classroom due to hostile and disruptive behavior of Stolan as toward students in the classroom remarked that *"This is a life skills class. What do you want me to do? Don't bother me again."*

5.     Defendants failure to take immediate and appropriate action on numerous occasions as toward special education teacher Stolan, horrifically resulted in even further loss and damage to Student, when Student was physically assaulted by Stolan on two (2) consecutive days,

January 2, 2023 and January 3, 2023, resulting in further loss and damage to Student and resulting in Stolan finally being removed from both her classroom and South Scranton Intermediate School on January 4, 2023. The gravamen of this Complaint is not that the conduct of the Defendants herein may have affected his grades (which it did). Rather, the gravamen of this Complaint is that this conduct of the Defendants was an *attack upon an eleven (11) year old child's dignity as a human being.*

6.      Plaintiffs hereby respectfully request that this Court award them appropriate compensatory damages for the Defendants' egregious failure to meet their legal obligations to Student under the Counts of the Complaint herein and as set forth more fully below. As a direct result of Defendants' outrageous conduct and mistreatment, Student suffered, inter alia, an inexcusable deprivation of his guaranteed Civil Rights as well as regression, aggravation and/or exacerbation of his medical and cognitive disabilities.

## PARTIES

7.      Student is a 13-year-old Student individual with disabilities who currently resides within the geographical boundaries of the defendant Scranton School District. Student currently resides with his Mother, Courtny Roberts (Mother), at 837 Maple Street, Scranton, Pennsylvania, in geographical boundaries of the School District.

8.     Student is eligible for special education services as a child with multiple disabilities including, inter alia, autism, disruptive behavior disorder and attention deficit hyperactivity disorder (ADHD), emotionally disturbed, speech and language impairment and a secondary other health impairment (OHI).

9. Matthew Hartzell (Father) resides outside of the boundaries of the School District at 51 East Shore Drive, Hawley, Wayne County, Pennsylvania.

10.     Defendant School District is a governmental entity which pursuant to State law and with receipt of a substantial amount of Federal funds, provides educational services to school aged children residing in Lackawanna County, including Scranton, Pennsylvania.  The School District is governed by a nine-member board that is commissioned by the Commonwealth of Pennsylvania to administer and enforce, *inter alia*, the statutory mandates of the Individuals with Disabilities Education Act, 20 U.S.C. Section 1400 *et. seq.* (hereinafter referred to as "IDEA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794 (hereinafter referred to as "Section 504") and other related federally funded programs to eligible students enrolled in the District.  The District's administrative offices are located at 425 North Washington Avenue, Scranton, Pennsylvania 18503.

11.     At all pertinent times, the defendant, Stolan, was a competent adult individual permanently residing in Lackawanna County and employed at all times material herein as a special education teacher for the School District and at all times material herein was authorized by the district to perform the duties and functions of the special education teacher, and in fact, acted within the scope of said duties and responsibilities at the time of the events outlined herein below.

12. Defendant, Gilroy, is a competent adult individual who resides in Lackawanna County, Pennsylvania, and during the 2021/2022 and 2022/2023 school years, was employed by the Scranton School District as the Principal of South Scranton Intermediate School and maintained an office at 355 Maple Street, Scranton, Lackawanna County, Pennsylvania, 18505.

13. Defendant, Lalli, is a competent adult individual who resides in Lackawanna County, Pennsylvania, and during the 2021/2022 and 2022/2023 school years, was employed by the Scranton School District as the Vice-Principal of South Scranton Intermediate School and maintained an office at 355 Maple Street, Scranton, Lackawanna County, Pennsylvania, 18505.

14. Defendant, Genett, is a competent adult individual who resides in Lackawanna County, Pennsylvania, and during the 2021/2022 and 2022/2023 school years, was employed by the Scranton School District in a

variety of capacities overseeing the special education department and
Stolan, including, most recently and at the present time Director of Special
Education Services, maintaining an office at 425 North Washington
Avenue, Scranton, Lackawanna County, Pennsylvania, 18503.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this action pursuant to 20
U.S.C. Section 1415(i)(2).  Plaintiffs' claims arise from the IDEA and its
implementing regulations, 34 C.F.R. part 300, *et. seq.*; Section 504 of the
Rehabilitation Act of 1973; and Section 1983 of The Civil Rights Act of
1964 (hereinafter referred to as "Section 1983"), 28 U.S.C.S. Section 1331
provides that United States District Courts have original jurisdiction over
matters where a federal question is raised in cases arising under the
Constitution, laws, or treaties of the United States.  28 U.S.C. Section 1343
provides that United States District Courts have original jurisdiction of any
civil action to redress the deprivation, under color of any State law, statute,
ordinance, regulation, custom or usage, of any right, privilege or immunity
secured by the Constitution of the United States or by any Act of Congress
providing for equal rights of citizens or of all persons within the jurisdiction
of the United States. This Court exercises supplemental jurisdiction over
Plaintiffs' state-law tort claims pursuant to 28 U.S.C. Section 1367.

16.    Venue is proper in this Court pursuant to 28 U.S.C.
Section1391(b) as the Defendant is located in this judicial district and
conducts business within this Judicial District and all Plaintiffs reside and
their claims arose within this Judicial District.

## FACTS SUPPORTING LIABILITY

17.    Plaintiff Student is eligible for special education services and
has disabilities that impact his life.

18.    Plaintiff Student is a handicapped person who has impairments
that substantially limit his life activities.

19.    Plaintiff Student began attending South Scranton Intermediate
School within the District during the 2021-2022 school year, his fifth (5th)
grade.

20.    However, South Scranton Intermediate School classroom with
defendant, Stolan, as his special education teacher, proved to be an
incredibly dangerous environment for Student, a fact which the defendants
knew and to which they did not respond appropriately.

21.    During the relevant time period herein from August 2021
through January 2023, Student's Mother, repeatedly approached the
defendant, Stolan, School District, and its agents and employees, and
asked that her minor son, be removed from her classroom due to the
abusive behavior of the defendant Stolan, as against her son.

22.    At all relevant times herein between August 2021 and January 2023 various Scranton School District personnel as well as personnel from both Family Enrichment Center and Friendship House, outside agencies employed by the School District or Mother to service Student, were in the classroom of Student and witnessed and observed the abusive conduct of Stolan as toward Student and other special education students in her classroom.

23.    During the relevant time period herein from August 2021 through and including January 2023, Student's Mother, repeatedly approached the defendant School District Intermediate Principal, Daniel Gilroy, and its Vice-Principal, Joseph Lalli, and identified to them that her minor son, should be removed from the classroom of the defendant Stolan, due to Stolan's abusive behavior.

24.    During the relevant time period herein from August 2021 through and including January 2023, Student's Mother talked repeatedly with Stolan and Stolan would defend her behaviors by stating that she was not equipped for this job.

25.    Despite the complaints to both the School District principal, Gilroy, and Vice-Principal, Lalli, by Mother as to the abusive behavior of Stolan in her classroom, Student was never removed from the classroom of Stolan, and School District did not remove Stolan from Student's classroom until January 4, 2023.

26.    Mother attended an Individualized Education Plan (IEP) meeting on December 6, 2022, at South Scranton Intermediate School. Mother there pleaded with those in attendance at the IEP meeting for her son to have her son moved out of the classroom of Stolan due to Stolan's abusive behavior in the past. School District employees who were members of the IEP Team, and present at that meeting included, inter alia, defendants, Stolan, Gilroy and Genett.

27.    Despite Mother repeating her concerns at the IEP meeting on December 6, 2022, the School District and the individual named defendants refused to allow her son to be removed from the classroom of Stolan, or remove Stolan from Student's classroom.

28.    Less than one month later following that IEP meeting, on January 2, 2023, Student was sitting in his chair in the special education classroom of Stolan.  Stolan approached Student, and Stolan physically assaulted Student, intentionally and deliberately spraying some liquid foreign substance from a container directly in the face of Student in full view of a Behavior Support professional assigned to Student, Ciara Fulton, with Stolan remarking at the time as she sprayed Student in the face, *"…This should wake him up."*

29.    The incident occurring on January 2, 2023, with Stolan, deliberately spraying a liquid substance directly in the face of Student, was not the first time Stolan sprayed Student in the face with some liquid

substance nor abused him in the classroom. Stolan, when spraying Student in the face on January 2, 2023, remarked that *"...This worked before in waking him up".*

30.    On the following day, January 3, 2023, the inappropriate behavior of Stolan continued when Student returned to class.

31.    On January 3, 2023, Student was subjected to yet another assault by Stolan, an assault that was totally avoidable had the School District and other agencies acted responsibly and appropriately on January 2, 2023, as well as prior thereto when additional abuse to Student occurred.

32.    On January 3, 2023, Student was sitting in his classroom chair in the classroom of Stolan, with other special education students.  Stolan approached the seat where Student was sitting and intentionally shoved him with her body out of his chair causing him to fall to the floor.  This abusive conduct by Stolan was followed by Stolan directing and encouraging other special education students in her classroom to forcibly remove Student from the classroom and, in the process, directing and allowing the classmates of Student to forcibly strike and hit him as he was dragged feet first out of the classroom.

33.    The behavior and conduct of Stolan, was open, widespread and known by the staff and administrators of the School District as well as the staff and administrators of other outside agencies servicing students

within the School District, including but not limited to Family Enrichment Services and Friendship House.

34.  The School District and its agents, its employees, servants and officers knew that Stolan regularly and inappropriately abused Student, and other special education students in her classroom and allowed the same to continue unabated and unsupervised.

35.   Defendant Stolan used physical and verbal abusive techniques to redirect her special education students including Student's behavior. Specifically, these techniques included, but were not limited to,

a.  using abusive language toward Student, and other students in the classroom, which included referring to another special education student in Student's class as "Big – A- - forehead" and "Bit- -."

b.  targeting Student by yelling and screaming in Student's face with the intent of initiating inappropriate behavior from Student, disrupting Student's entire day;

c.  spraying a liquid solution into Student's face on more than one occasion;

d.  intentionally pushing Student out of his classroom chair during a special education class;

e.  directing and allowing other special education students (classmates of Student) in her classroom to forcibly remove

Student from the classroom by dragging him on the floor and
allowing other students to strike Student as he was being
dragged out into the hallway;

f.  initiating physical and verbal abuse toward Student in order
to intentionally escalate his behavior;

g. physically and aggressively grabbing the desk of Student;
and,

h. placing a shield/curtain up and around Student.

36.    A behavior support professional, Ciara Fulton, employed by an
outside agency, Family Enrichment Services, was in the classroom as a
Behavioral Support Aide to Student, at all relevant times herein.  Ms. Fulton
did report the behavior of Stolan to the administrators of the School District,
on January 3, 2023.  In reporting the behavior of the defendant, Stolan, to
the principal, Gilroy, Gilroy asked that Ms. Fulton place the same in writing,
which she did.  The following is verbatim the handwritten note she provided
to the principal Gilroy on January 3, 2023.

*"01/03/23 Student was being non-complaint.  The teacher Miss*
*Stolan told the other children to up.  Student refused to line up.*
*The teacher came to his desk and used her body weight to*
*push him to the floor.  Student was sitting on the floor.  The*
*teacher told him don't make us drag you out.  [minor student,*

*L_____] & [minor student, I_____] took both of his legs and
dragged him from the class into the hallway.  I told Student to
get up because I did not want him to get any floor burns.  The
purpose of all of this was to get Student to wake up because he
was getting sleepy.  Yesterday because Student didn't wake up
the teacher sprayed cologne or room spray on him. 01/02/23
Ciara Fulton."*

37.    On the following day, January 4, 2023, a Child Line Report
originated from the School District, identifying two (2) assaults on Student.
The following language was placed into the Child Line Report by the
administrators of the School District clearly confirming the District's
knowledge of Stolan's propensities to be abusive as toward the special
education students in her classroom including Student.  Said Child Line
Report, in pertinent part, stated,

*"The teacher sprayed air freshener on the child because he
was sleeping in class. The child reportedly takes a medication
that makes him tired. The second incident the child was not
getting out of the chair and peers had to remove the child from
the chair. The child was dragged into the hallway by peers and
the teacher allowed this. No injuries reported. **The teacher can***

*be verbally aggressive with the children. The children are reported to be in life skills classes and cusses at the children and yells at them*. *The incident happened yesterday 01/03/2023.*"

38.   The same Child Line report originating from the School District, further identified the following with respect to Stolan, and the School District's clear knowledge and actual notice of the propensities of Stolan to be abusive and aggressive as toward the special education students including Student.  The Child Line report further stated:

*"The teacher (Stolan) is escalating with her behaviors towards the children and she is becoming more aggressive with the children*."

39.   On January 4, 2023, Stolan, was removed from the classroom of Student and the other special education students, and as well removed from the South Scranton Intermediate School building by administrators of the School District.

40.   Following the removal of Stolan from the classroom a Report of Suspected Child Abuse to law enforcement was made and prepared on January 13, 2023, concerning the incidents occurring prior thereto with the

Student. An investigation commenced by Detective Jeffrey Gilroy of the Scranton Police Department.  His report, in pertinent part, states as follows:

> *"RS (referral source) states that the AP (alleged perpetrator) knows that the child does not like to be touched.  Mother states that parents have attempted to have the child removed from AP's classroom for 2 years.  RS states that the school principal has targeted the child since the AP has been removed from the school.  Mr. Gilroy has asked the new teacher to record the events in the classroom.  Mother states that the school staff have denied mother's request to change the child's classroom consistently blaming the child for the problem.  …AP has told mother on multiple occasions that she is not equipped to handle a child with (D.H.'s) needs.  Mother states that AP has a history of verbally abusing the children in her classroom.  Mother states that the child is not an extreme behavior problem.  He does not become physically aggressive."*

41.     The School District rather than providing any type of support or outreach to Student, Student's parents, other special education students and their parents and guardians, following the January 2, 2023 and January 3, 2023 incidents, and Stolan's removal from school on January 4,

2023, allowed Stolan to return to work and resume her duties with the School District at the same school, South Scranton Intermediate, in the Spring of 2023. Stolan was allowed by the School District to be in the company of and be seen by Student and the same students in her classroom from which she was removed on January 4, 2023.

42.  Mother learned about the two (2) assaults on her son on January 4, 2023 when Ciara Fulton contacted her. School District did not reach out to Mother. Mother contacted Principal Gilroy who refused to talk to her about the incidents.

43.  Upon information and belief, Gilroy, has since been removed from his position as Principal at South Scranton Intermediate School; nevertheless, has been placed into another administrative position in the District.

44.  Upon information and belief, Lalli, remains vice – principal at South Scranton Intermediate School.

45.  Stolan continues to be employed by the School District as a special education teacher assigned to Charles Sumner School.

46.  Defendant, Gennet, continues to be employed by the School District as Director of Special Education.

47.  The actions of the School District, at all times relevant herein were carried out willfully, wantonly and maliciously with reckless disregard as to the consequences as to reveal a conscious indifference to Student's

rights and establishes intentional discrimination because of the intentional and/or deliberate indifference toward Plaintiff's disability.

48.    Given the incidents that occurred at South Scranton Intermediate School as described herein, the classroom of Stolan proved to be an incredibly dangerous environment, a fact which the defendants knew, or should have known, and to which they did not respond, or act in a manner in which to preclude any further incidents.

49.    Defendant School District had a policy and/or custom of ignoring signs of verbal and physical abuse and/or harassment between teachers and minor special education students, and failing to investigate situations where inappropriate conduct by a teacher was suggested and/or evident; ignoring its mandatory reporting obligation; discouraging teachers and students from reporting abuses and retaliating against those who did in an effort to protect themselves and their respective administrators, teachers and employees from scandal, adverse publicity and/or accountability.

## COUNT I - VIOLATION OF CIVIL RIGHTS

### 42 U.S.C. § 1983 AND THE INDIVIDUAL WITH DISABILITIES EDUCATION ACT (IDEA)

### PLAINTIFFS v DEFENDANTS, SCHOOL DISTRICT, STOLAN, GILROY, GENETT AND LALLI

50.    The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

51.    Upon information and belief, the Defendants have failed to provide Student with a free appropriate public education for the moment of his enrollment until the present time.

52.    As a further result, the Defendant's failure to implement a proper behavior management plan, failure to hire trained individuals in caring and instructing special needs and autistic children and the defendant's failure to property place Student in an appropriate support class where he would be free from physical and mental abuse, Plaintiffs will have to incur additional expenses for medical and educational services.

53.    The Defendants' failure to provide Student with a free appropriate education is a systematic legal violation which violates Student's civil rights.

54.    Defendants owed Student a duty to provide free appropriate public education under IDEA, 20 U.S.C. § 1400 et. seq.

55.    Defendants further owed Student a duty to ensure that he would receive educational services in a least-restrictive environment.

56.    Defendants also owed Student a duty of care to refrain from physical and mental abuse adequately in accordance with IDEA and the Pennsylvania Code.

57.    Defendants breached the duties described in Paragraphs 51 through 56.

58.    At all times material and relevant hereto, the actions and inaction of all Defendants were performed under color of state law while acting in their official capacities.

59.    All Defendants caused the harm complained of herein in violation of IDEA and Civil Rights Act, 42 U.S.C. § 1983.

60.    The actions by the Defendants constitute a pattern and practice of failing to provide students suffering from special needs and entitled to individual education plans (IEPs), and Student in particular, an appropriate education for his educational needs.

61.    Plaintiff Student avers that Defendants had and have unconstitutional customs, policies and practices of failing to investigate evidence of School District employees misconduct, abuse and or harassment against School District students in the nature of violations of their rights to personal security, bodily integrity, as well as their right to be free from misconduct and/or abuse and/or harassment, and failing to adequately supervise and train School District employees with regard to mandatory reporting obligations and maintaining, preserving and protecting students from violation of their right to personal security and bodily integrity.

62.    The conduct of Defendants, by and through their agents, employees, servants and officers and other School District personnel, as

set forth above, acting under color of state law, in failing to put in place and enforce policies to adequately protect students from inappropriate conduct by teachers, was committed in deliberate and/or conscious disregard of the substantial and/or unjustifiable risk of causing harm to Plaintiff Student and was such as to shock the conscious. Said conduct was the cause of Plaintiff Student's harm.

63.    Plaintiff Student avers that the School District, by and through their agents, employees, servants and officers and other School District personnel, followed these unconstitutional policies, customs, and practices with regard to himself as hereafter set forth.

64.    The defendants' actions constitute a conscious disregard for the plaintiff's student's rights to a free appropriate public education.

65.     The defendants' actions were carried out willfully, wantonly, and maliciously and with such reckless disregard for the consequences as to reveal a conscious indifference to Student's rights to a free appropriate public education.

66.    As a result of the above-described violations, Student suffered damages as described above.

67.    The conduct described above violated plaintiff Student's Constitutional right to Substantive Due Process and his right to be free from invasion of his personal security and/or his right to bodily integrity, as

guaranteed by the 14th amendment of the United States Constitution and as remediable by 42 U.S.C. Section 1983.

68.     School District by and through their agents, employees, servants and officers and other School District personnel, is a policymaker for the purpose of implementing School District policies and customs.

69.     As a direct and proximate result of the above stated acts and omissions, Plaintiff Student, has suffered such harm as has been previously stated here in for which he is entitled to be compensated.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, School District, Stolan, Genett, Gilroy, and Lalli, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT II - VIOLATIONS OF THE 14TH AMENDMENT
### PLAINTIFFS v. DEFENDANTS SCHOOL DISTRICT, STOLAN, GILROY, GENETT AND LALLI

70.     The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

71.     The Defendants' conduct in failing to provide Student with a free appropriate public education constitutes unlawful discrimination

against the student and other special education children including autistic children in violation of the equal protection clause of the 14th amendment and in violation of due process contrary to the 14th amendment to the United States Constitution.

72.    The above-described actions of the Defendants were the direct and proximate cause of Student's injuries aforesaid.

73.    By reason of the aforesaid, Student's civil rights were violated as guaranteed by federal statutes.

75.    As a result of the above-described violations, Plaintiffs have suffered damages as described above.

76.    By reason of the aforesaid, including the repeated conduct of the Defendants herein, the same shocks the conscience, so as to show minor Student's Civil Rights were violated as guaranteed by the federal statutes.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, School District, Stolan, Genett, Gilroy, and Lalli, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT III - <u>INDIVIDUALS WITH DISABILITY EDUCATION ACT 20 U.S.C. § 1400 ET. SEQ.</u>

## PLAINTIFFS v. DEFENDANTS SCHOOL DISTRICT, STOLAN, GILROY, GENETT AND LALLI

77.    The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

78.    The Defendants have violated the rights of the named Plaintiffs under the Individuals With Disability Education Act (IDEA), 20 U.S.C. § 1400 et. seq.  by failing to identify, evaluate, and provide the minor Student with a free appropriate public education and by physically and verbally abusing him more particularly described above without Student's consent and in disregard to the law.

79.    As a result of the above-described violations, Student suffered damages as described above.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, School District, Stolan, Genett, Gilroy, and Lalli, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT IV
## VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT (ADA)
## 42 U.S.C. § 12100 et seq.

### PLAINTIFFS v. SCRANTON SCHOOL DISTRICT

80.    The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

81.    The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the service, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

82.    Student is disabled. He is a special needs student who has several well-documented disabilities which affect several major life activities.

83.    Despite his disabilities, Student was, at all times relevant hereto, a student who is otherwise qualified to participate in defendant School District's educational programs with appropriate instruction, accommodation and/or supplemental services and supports for the purposes of the ADA.

84.    Defendant School District failed to provide Student with appropriate educational and related services, accommodations and/or supplemental supports and services which he required in order to have proper access to School District's programs and services to make

appropriate developmental and educational progress equal to that provided to children who are not disabled or who do not have such disabilities.

85.    School District's failure to provide a safe, appropriate educational environment to Student, and its failure to property accommodate his disabilities, has exacerbated the impact of his disabilities, interfered with his ability to communicate with others, and to meaningfully participate with typically developing peers.  School District's failure has also deferred Student's ability to be engaged and be included in age-appropriate social, educational, and vocational programs, to take advantage of opportunities and services to which he would have had access if he had received appropriate related services and accommodations in a timely and effective manner.  Therefore, School District's failure excluded Student from the mainstream environment of his school, his community, his family and to equal access to educational benefits, as enjoyed by his non-disabled classmates.

86.    School District owed Student the duty of care to refrain and protect him from physical and mental abuse in accordance with the ADA, and specifically, owed him the duty to be free of discrimination and abuse because of his disabilities.

87.    Upon information and belief, School District discriminated against Student because of his disabilities, as set forth herein, and further by failing to provide him with the same protections and opportunities that

other students were provided, and by failing to protect him from the improper, cruel, and abusive treatment he suffered as a result of his disabilities.

88.    School District, at all times relevant hereto, was aware that as a child with disabilities, Student had the right to be free of discrimination in the provision of his education, and despite that knowledge, School District failed to ensure that improper verbal and physical abuse would not be perpetrated upon Student by School District.

89.    Student's mother repeatedly complained to the School District and its agents, servants and employees about the cruel and abusive treatment by the School District's special education teacher assigned to Student's classroom, defendant, Stolan, at South Scranton Intermediate School, yet the School District failed to properly train and supervise its staff, and failed to ensure that staff assigned to student were properly trained and supervised, allowing the improper verbal and physical abuse to continue for a substantial period of time after the School District was made aware of the situation.

90.    The School District was deliberately indifferent to Student's federally protected right to be free from discrimination in his education, as well as his federally protected right to be provided a Free Appropriate Public Education (FAPE).

91.    In placing Student in an educational environment in which he would be subject to improper verbal and physical abuse, the School District knew or should have known that Student's rights were likely to be violated.

92.    Due to his disabilities and need for special education instruction, the School District failed to provide Student with any education that was required by IDEA and Student's IEP, and thus discriminated against him due to his disabilities, as non-disabled students were not left to languish with no educational benefit

93.    In failing to find a proper placement for Student and take him out of the classroom of the defendant, Stolan, the School District knew or should have known that Student's federally protected right to a FAPE was likely to be violated as he was receiving absolutely no educational benefit in the classroom of the defendant Stolan.

94.    In failing to provide an appropriate education, and to meet the educational needs of Student, a disabled student, as adequately as it met the needs of non-disabled students, School District intentionally discriminated against Student because of his disabilities.

95.    In failing to provide an appropriate education, and to meet the educational needs of Student, a disabled student, as adequately as it met the needs of non-disabled students, the School District was deliberately indifferent to Student's right to be free of discrimination because of his disabilities.

96.    School District's actions constituted discrimination against him, on the basis of his disability, in violation of the ADA.

97.    As a result of these violations, as set forth herein, Student suffered considerable damages.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendant, School District, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT V
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
## 29 U.S.C. § 794 et seq.
## PLAINTIFFS v. SCRANTON SCHOOL DISTRICT

98.    Plaintiffs incorporate by reference the preceding paragraphs, including specifically all of the paragraphs in Count I, as though set forth fully at length.

99.    The Rehabilitation Act provides that "no otherwise qualified individual with a disability… shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance" 29 U.S.C. § 794(a).

100.  As a local educational agency, the School District receives federal financial assistance.

101.  In failing to provide an appropriate education, and to meet the educational needs of Student, a disabled student, as adequately as it met the needs of non-disabled students, School District intentionally discriminated against Student because of his disabilities.

102.  In failing to provide an appropriate education, and to meet the educational needs of Student, a disabled student, as adequately as it met the needs of non-disabled students, School District was deliberately indifferent to Student's right to be free of discrimination because of his disabilities.

103.  As set forth in detail in Count II, School District's actions constituted discrimination against him on the basis of his disability in violation of Section 504 of the Rehabilitation Act.

104.  As a result of these violations, as set forth herein, Student suffered considerable damages as requested in the prayer for relief.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor against Defendant, School District, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

### Count VI
## CIVIL RIGHTS - 42 U.S.C. Section 1983 – FAILURE TO TRAIN AND SUPERVISE
### PLAINTIFFS V. DEFENDANT, SCHOOL DISTRICT

105.   Plaintiff incorporates the previous paragraphs of this complaint as if fully set forth at length herein.

106.   School District along with their teachers, administrators, officers, board members, agents, and employees of Defendant were state actors working for defendant and received federal funding at all times relevant hereto.

107.   School District along with their teachers, administrators, officers, board members, agents, and employees of Defendant acted under color of state law at all relevant times herein.

108.   Prior to and during the abuse of Student, School District and other employees and officials of the School District knew about Stolan's proclivity to engage in improper verbal and physical abuse of minor special education students. Nonetheless, no appropriate, effective, or adequate steps were taken to protect Student from Stolan's abuse.

109.   During the period of abuse, School District and other school employees and officials of School District became aware that Stolan was using very vulgar and inappropriate language in the classroom, constantly engaging in inappropriate and unwanted contact and behavior with minor

special education students, however, no proper inquiries were made and no corrective action was taken.

110.   School District and their teachers, administrators, officers, board members, agents and or employees knew or should have known that their response to any abuse, harassment and assault allegations must comply with federal law.

111.   School District failed to properly train and supervise their teachers, administrators, officers, agents, and/or employees as to mandated investigative requirements, which include:

   a.   failing to take immediate and appropriate action to investigate or otherwise what occurred once informed of possible abuse;

   b.   failing to take prompt and effective steps to end the abuse, prevent its recurrence, and address its effects;

   c.   failing to promptly report abuse and/or harassment of students including plaintiff Student, in accordance with their legal obligations; and

   d.   failing to take reasonable and necessary steps to protect Student and other minor students from Stolan's abuses and/or from suffering collateral harms and injuries as described above.

112.   School District's failure to train their teachers, administrators, officers, board members, agents and/or employees to deal with actual,

apparent, or suspected cases of abuse that is the direct, legal, and proximate cause of the harm suffered by Student.

113. School District's failure to provide proper and adequate training to their teachers, administrators, officers, agents, and/or employees constituted deliberate indifference to the presence of excessive risk of danger to the health, welfare and safety of students of the Defendant School District, including Plaintiff Student.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendant, School District, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT VII
## VICARIOUS LIABILITY
## PLAINTIFFS V. DEFENDANTS, SCHOOL DISTRICT, STOLAN, GILROY, GENETT, AND LALLI

114. The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

115. The School District held Stolan out to be a trusted special education support teacher of the School District.

116.   At all times material and relevant hereto, Stolan was acting as an agent, servant and/or employee of the School District, in performing the duties and functions empowered to her as a special education teacher for the School District.

117.   In the course of performing her duties and functions, Stolan utilized the power, authority, and trust conferred upon her by virtue of her position as a special education teacher.

118.   While acting within the scope of her employment with the School District, Stolan physically, psychologically, and verbally abused the children in her classroom, including the minor Student, and this conduct was committed with the apparent authority of the defendants, School District, Gilroy, Lalli and Genett.

119.   On numerous occasions prior to January 2023, as more fully set forth in this Complaint, individuals within and outside the School District, including teachers and aids, all reported Stolan's abuses to the Defendants, Gilroy, Lalli, and Genett.

120.   By nature of the agency relationship between the School District, and by virtue of the frequent and consistent communication between defendants, Gilroy, Genett and Lalli knew and had reason to know of Stolan's abuses.

121.   On numerous occasions from August 2021 through January 2023, as more fully set forth in this Complaint, Stolan provided frequent and

consistent communication to Gilroy, Genett and Lalli that she was unfit for the position that she was hired for at the School District.

122.  During the relevant time frame from August 2021 through January 2023, including the 2022-2023 school year, in which Gilroy was principal, Lalli was the vice principal, and Genett was in charge of overseeing the special education services in the School District, Genett, Gilroy and Lalli had exclusive day-to-day control over the manner of the defendant Stolan's performance as a special education teacher, and had the exclusive right to direct and control the manner in which Stolan's work as a teacher was accomplished.

123.  In light of the aforementioned notice of Stolan's abusive conduct, and in light of the complete lack of supervision over Stolan's relations with her students, including minor plaintiff Student, the abuse perpetrated by Stolan was not unexpected by the School District, Genett, Gilroy and Lalli.

124.  The tortious conduct of Stolan, as more fully set forth in this Complaint, was caused or related to her employment with the School District as a special education teacher.

125.  The School District, Gilroy, Genett and Lalli, are vicariously liable for the physical, psychological, and verbal abuse committed by their agent, servant, and/or employee Stolan.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, School District, Stolan, Genett, Gilroy, and Lalli, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT VIII
## ASSAULT AND BATTERY
### PLAINTIFFS V. DEFENDANT, STOLAN

126.   The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

127.   Within the time frame from August 2021 through January 2023, as more fully set forth in this Complaint, acting in her capacity as a special education teacher for the School District, Stolan, with intent to cause harmful and offensive contact, assaulted and battered minor Student on numerous occasions, in that she:

a.  Sprayed Student in the face with a foreign liquid substance on more than one occasion, including January 2, 2023;

b.  Forcibly pushed Student from his classroom chair onto the floor with her body on January 3, 2023; and at her specific direction and instruction allowed Student to be physically

removed feet first from her special education classroom by his
special education classmates and dragged into the hallway of
South Scranton Intermediate School; and, during the process of
removing the student feet first from the classroom, allowed
other special education students in the classroom to strike
Student about the face and body.

128.  The aforementioned incidents of assault and battery were
intentional acts against Student by Stolan, said physical menace done
knowingly and recklessly causing bodily injury to Student and putting
Student in fear of imminent serious bodily injury.

129.  As the direct and proximate cause of the assault and battery
perpetrated against the Student, Student has endured, and will continue to
endure, physical pain, psychological and emotional suffering, including, but
not limited to, post-traumatic stress syndrome, fear, and developmental
delays.

130.  As a further direct and proximate result of the defendant's
assault and battery against Student, Student has suffered and will continue
to suffer a loss of life's pleasures.

131.  The conduct of Stolan in assaulting and battering Student
constitutes extreme and outrageous conduct, which conduct was
committed in willful, wanton, reckless, and total disregard to the rights,

safety and wellbeing of Student entitling Student to an award of punitive damages, and claim is made therefore.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendant, Stolan, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFFS V. DEFENDANT, STOLAN

132.  The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

133.  At all relevant times herein School District knew that all special education teachers and administrators are obligated to follow the Regulations for Special Education as devised by the Pennsylvania Department of Education.

134.  The conduct of Stolan in verbally and emotionally abusing Student and in assaulting and battering Student in apprehension of bodily harm, constitutes extreme and outrageous conduct, and exceeds the bounds of decency and tolerability in a civilized community.

135.   The extreme and outrageous conduct of Stolan during the time period from August 2021 through January 2023, was intentional and/or reckless.

136.   Stolan intentionally inflicted emotional distress by establishing and creating an environment of fear, by virtue of her verbal and physical abuse of Student and other children, in the presence of, and within the sensibilities of sight, sound, and touch of our specific child, minor Student. Specifically, in addition to the assaults on January 2, 2023 and January 3, 2023, Stolan would scream threats into the faces of her students and target certain students by initiating verbal abuse toward then in order to foster disruptive behaviors, including as toward the minor Student herein.  Stolan would use abusive language towards the students on numerous occasions.

137.   As a direct and proximate result of Stolan placing the minor Student in apprehension of serious bodily harm, and assaulting and battering him on January 2, 2023 and January 3, 2023, and in verbally and emotionally abusing him, Student has endured and will continue to endure physical pain, emotional and psychological pain and suffering, including, but not limited to, post-traumatic stress syndrome, fear, and developmental delays.

138.   As a further direct and proximate result of defendant's placing Student in apprehension of serious bodily harm, and assaulting and

battering him, and in verbally and emotionally abusing him, Student has suffered and will continue to suffer a loss of life's pleasures.

139.  The conduct of the defendant, Stolan, in intentionally inflicting emotional distress upon Student constitutes extreme and outrageous conduct, which conduct was committed in willful, wanton, reckless, and total disregard of the rights, safety, and wellbeing of the minor Student thereby entitling plaintiffs to punitive damages, and claim is made, therefore.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendant, Stolan, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT X
## BREACH OF FIDUCIARY DUTY

### PLAINTIFFS V. DEFENDANT, STOLAN

140.  The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

141. Stolan held herself out to the public and to plaintiffs as a trusted special education teacher, mentor, and caregiver of special needs students, had an overmastering influence over her special needs students,

and thereby created and fostered a fiduciary relationship with Student, who was in a position of vulnerability *vis-a-vis* Stolan.

142.  Plaintiffs placed their trust and confidence in Stolan, who thereby had an obligation to act in the best interest of Student to attend to his special needs, and to care for him, and given the heightened duty Stolan, had to care and provide for Student while under Stolan's care, custody, and control.

143. Stolan breached her fiduciary duty to Student by abusing him physically, emotionally, and psychologically, and by failing to provide the type of specialized education he required as a student with special needs.

144.  As a direct and proximate result of Stolan's fiduciary obligation to Student, Student has endured, and will continue to endure physical pain, psychological and emotional suffering, including, but not limited to, post-traumatic stress syndrome, fear, and developmental delays.

145.  As a further direct and proximate result of Stolan's breach of her fiduciary obligation to Student, Student has suffered and will continue to suffer a loss of life's pleasures

146.  The acts of Stolan were committed in willful, wanton, reckless, and total disregard of the rights, safety, and wellbeing of Student, thereby entitling Plaintiffs to punitive damages, and claim is made therefore.

WHEREFORE, Plaintiff, a minor, by and through his parents and legal guardians, Courtny Roberts and Matthew Hartzell, demand the entry

of judgment in their favor against Defendant, Stolan, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT XI
## NEGLIGENCE
## PLAINTIFFS V. DEFENDANTS, SCHOOL DISTRICT, STOLAN, GILROY, GENETT, AND LALLI

147.  Plaintiffs hereby incorporate and reaver the allegation contained in the preceding paragraphs as if set forth herein at length.

148.  At all times material and relevant hereto, the individuals mentioned in this Complaint, including Gilroy, Genett, Lalli, and Stolan, were acting in the scope and authority of their employment within the School District.

149.  The individuals mentioned in the preceding paragraph were required, as per the Department of Education, to maintain their professional certificates, and keep the same current and active by earning a required number of continuing education credits every five years.

150.  The Pennsylvania Department of Education, through its teachers' certification process ensures that teachers, administrators, and counselors are properly trained.

151.  At all times material and relevant hereto, the teachers, administrators, and counselors of the School District were also responsible for ensuring that each of its employees were adequately trained.

152.  Under Pennsylvania law, Section 504 and the ADA, the School District, by and through its agents, servants and employees breached the following duties herein included.

153.  The negligence, carelessness and recklessness of the School District constituted of the following:

a.  Failure to properly supervise subordinates.

b.  Failure to comply with federal, state and school district statutes, laws, regulations, policies and practices and customs.

c.  Failure to endeavor to maintain the health, safety, and welfare for the students;

d.  Failure to arrange for the creation, revision and publication of schools, regulations, policies, and procedures;

e.  Failure to hold in-service training;

f.  Failure to work with teachers and supervisors to ensure education programs are delivered to each student consistent with the teachers' lesson plans as may be individualized education or program;

g.  Failure to ensure that students state created right to a free and appropriate public education was not denied, absent due process of law;

h.  Failure to ensure that all students with disabilities as well as those without are treated equally under applicable local, state and federal policies, rules, regulations and statutes;

i.  Failure to ensure that his IEP was adequate to meet his needs, and that his program was safe, appropriate and properly supervised, free from unreasonable and foreseeable risks of harm and provided a proper grouping of students;

j.  Failure to supervise the district staff, its program, plaintiff student, other students and failed to remove Student from Stolan's classroom or remove Stolan from the classroom of Student;

k.  Failure to ensure that all violent and/or disciplinary behavior exhibited by Student and/or teacher was immediately brought to parents and guardians attention; including Mother and Father's attention herein;

l.  Failure to ensure that Stolan was not interacting with Student in any physical, or inappropriate verbal or communicative manner;

m.  Failure to refrain from any unnecessary, harmful, physical conduct with Student and that an appropriate level of discipline was exercised; and,

n.  Failing to exercise reasonable care under all the existing circumstances.

154.  The negligence, carelessness and/or recklessness of the School District, by and through its agents and/or employees, as outlined above, was the proximate cause of the injury sustained by Student as outlined herein.

155.  As a result of the negligence, careless and/or recklessness of the School District, by and through its agents and/or employees, as described herein, and the individual Defendants, Student was physically assaulted suffering severe, debilitating, and permanent injuries which include, but are not limited to, residual pain, severe pain and suffering and shock to Student's nerves and nervous system.

156.  By reason of the negligence, carelessness, and recklessness of the School District, by and through its agents and/or employees as described above Student has sustained serious and permanent personal injuries by reason of which he has been rendered sick, sore, and disabled, as a result of which he has suffered and yet suffers and shall continue to suffer for an indefinite period of time into the future.

157.   As the result of the aforesaid injuries sustained by Student, he has been and yet is and will forever in the future be able to go about his usual and daily routine.

158.   The Plaintiffs have been informed and therefore aver that the injuries sustained in this incident are permanent in nature.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, School District, Stolan, Genett, Gilroy, and Lalli, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT XII
## PUNITIVE DAMAGES
## PLAINTIFFS V. DEFENDANTS, SCHOOL DISTRICT, STOLAN, GILROY, GENETT, AND LALLI

159.   The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

160.   The aforementioned conduct of defendants, Scranton School District, Stolan, Gilroy, Lalli, and Genett was outrageous and/or done willfully, wantonly, and/or with reckless indifference to the rights of Student.

161.  Defendants, School District, Stolan, Genett, Gilroy, and Lalli, knew their acts to conceal the known abusive conduct of their employee, Stolan, and not to remove Student from Stolan's classroom, or remove Stolan from Student's classroom, created an unreasonable risk of harm to Student and the other special education students with that harm resulting.

162.  Nevertheless, defendants, School District, Stolan, Genett, Gilroy, and Lalli's, continuous and systematic conduct, was intentional and malicious, and thereby exhibited reckless indifference to the rights, safety, and well-being of their special education students, including the minor Student.

163.  Defendants, School District, Stolan, Genett, Gilroy, and Lalli, in their own right, and with full knowledge of the risk of harm to Student outrageously, maliciously, wantonly, and willfully caused the aforementioned injuries and damages to Student.

164.  The defendants, School District, Stolan, Genett, Gilroy, and Lalli, deliberately failed to report said abuse as required under Pennsylvania's Child Protective Services Law, 23 Pa. C.S.A., Section 6302, et seq., in conscious disregard of the aforementioned risk of harm to their students, including minor Student herein.

165.  As a direct and proximate result of the reckless, outrageous, wanton, willful and malicious conduct of Defendants, Student, has endured, and will continue to endure physical pain, psychological and emotional

suffering, including, but not limited to, post-traumatic stress syndrome, fear, and developmental delays.

166.  As a further direct and proximate result of Defendants' reckless, outrageous, wanton, willful, and malicious conduct Student has suffered and will continue to suffer a loss of life's pleasure.

167.  The conduct of the defendants, School District, Stolan, Genett, Gilroy, and Lalli, was extreme and outrageous conduct, which conduct was committed in willful, wanton, reckless, and total disregard to the rights, safety and well-being of the minor Student entitling plaintiffs to an award of punitive damages, and claim is made therefore.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, School District, Stolan, Genett, Gilroy, and Lalli, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT XIII
## <u>DEMAND FOR ATTORNEY'S FEES</u>

168.  Plaintiffs hereby incorporate and reaver the allegations contained in the preceding paragraphs as is set forth out here in full.

169.  Statutes raised in Counts IV and V of this Complaint contain fee shifting provisions.

170.  Given the likelihood of success of these claims, Plaintiffs seek full reimbursement for fees and costs associated with this present litigation under Section 504 in the ADA.

171.  Plaintiffs reserve the right to amend and submit their invoices regarding attorney's fees and costs associated with litigation relating to this matter through a subsequent fee petition, if necessary.

WHEREFORE, Plaintiffs respectfully request this Honorable Court award judgment to the Plaintiffs and against defendant, Scranton School District, for reasonable attorney's fees and costs under Section 504 and ADA.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs seek monetary damages and reasonable attorney's fees and costs under Section 504, ADA and Pennsylvania law, inter alia, from the Defendants, including the following:

1.  Assume jurisdiction over this action;

2.  Enter Judgment for an award of damages pertaining to educational and emotional harm associated with the Defendants' conduct as described in the Complaint against the Defendants.

3.     Order appropriate monetary relief, and declare the Defendants'
to be in violation of Section 504, the ADA, Section 1988 and other Federal
and Pennsylvania laws;

4.     Order the Defendants to compensate Plaintiffs for the
reasonable attorney's fees and related costs associated with the present
litigation, pursuant to Section 504, ADA, Section 1988 and other Federal
Laws.

5.     Award compensatory damages to Plaintiff Student and Plaintiffs
for Student's injuries, pain and suffering, both past, present and future as
well as punitive damages;

6.     Order to change the policy, practice and customs regarding
disability discrimination described herein;

7.     Grant such other relief as this Court deems proper.


Respectfully submitted,

O'MALLEY & LANGAN, P.C.

BY: _____
J. Joseph Grady
PA ID: 45973
201 Franklin Avenue, 2nd Floor
Scranton, PA 18503
(570) 344-2667

O'MALLEY & LANGAN, P.C.

BY:_____
     Todd J. O'Malley
     PA ID: 18682
     201 Franklin Avenue, 2nd Floor
     Scranton, PA 18503
     (570) 344-2667